IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR F. GARZA, #1512037, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1459-N |
| | ) | |
| RICHARD JACKSON, Chairman of the Board | ) | |
| of Kevin's House, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Lopez State Jail of the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID) in Edinburg, Texas. Defendants are the following employees of Kevin's House, a halfway house, in Waxahachie, Texas: Chairman of the Board Richard Jackson, Assistant Director David Charron, and House Coordinator/Chef Blackford.

The court did not issue process in this case, pending preliminary screening. On August 26, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on September 25, 2008.

1

Statement of Case: In his complaint, as supplemented by the answers to the magistrate judge's questionnaire, Plaintiff seeks to sue Defendants for assault and battery, verbal threats and harassment, intentional infliction of emotional distress, breach of contract, and civil rights violations at Kevin's House. He explains that Kevin's House, a TDCJ-approved half-way house, consisted of nothing more than a three-bedroom two-bath trailer home with an adjoining shed and garage, housing approximately 60 residents in rural Ellis County. Plaintiff seeks compensatory and punitive damages.

In support of his assault, battery and verbal threat claims, Plaintiff alleges as follows:

On June 7, 2007, Blackford kicked the couch (which had been assigned to Plaintiff as a bed) in an offensive and provocative manner, causing "shock, fear and apprehension of imminent harm." (Answer to Question 3). A verbal confrontation ensued between Blackford and Plaintiff, which continued throughout Plaintiff's stay at Kevin's house. (*Id.*). As a result of the assault and verbal threats, Plaintiff allegedly developed "a chronic panic disorder and depression," for which he sought medical attention, and which resulted in his hospitalization in late June or early July 2007. (Answer to Questions 4-6).

With respect to Defendant Jackson, Plaintiff alleges that he engaged in breach of contract and deprivation of constitutional rights, including "endangerment, infliction of emotional distress, and premises liability." (Answer to Question 8). In support of the breach of contract claim, Plaintiff explains that Jackson's letter, on which he relied in signing a contract with Kevin's House, totally misrepresented the facility and amenities available at Kevin's House. (Answer to Questions 8-9). He reiterates that he was assigned to a couch, instead of an individual bed, was refused transportation to town and access to a metro telephone, and was

2

refused food, on at least two occasions, as a result of the ongoing verbal confrontation with Blackford.

Plaintiff also seeks to sue Defendant Charron for deprivation of his civil rights as a result of the deplorable living conditions. (Complaint at 3). He alleges that Charron was responsible for the daily operation of Kevin's House. (Answer to Question 9). He assigned Plaintiff to a couch instead of a bed, due to the overcrowded conditions, and denied Plaintiff basic human needs despite his indigent status – i.e., toilet paper, and detergent and coins to wash his clothes at a local laundromat. (*Id.*).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief

3

that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1968-69 (2007).

Plaintiff filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1] In order to state a civil rights claim cognizable under § 1983, Plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). Absent either element, a claim is not cognizable under § 1983.

Even assuming Defendants acted under color of state law, Plaintiff cannot allege facts which would give rise to a deprivation of a right secured by the Constitution or laws of the United States.[2] By any stretch of the imagination, the June 2007 kick to the couch could not have amounted to an excessive force claim of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995 (1992) (a convicted prisoner must allege facts showing that the force was not applied "in a good faith effort to maintain or restore discipline," but rather

---

[1]  42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[2]  The court analyzes Plaintiff's claims under the Eighth Amendment since it appears he was released from TDCJ-CID to reside at a halfway house. *See Miller v. Wayback House*, 253 Fed.Appx. 399, 401 (5th Cir. 2007) (unpublished per curiam) (analyzing mental health care claims of inmate in a halfway house under the Eighth Amendment); *see also Jackson v. Johnson*, 475 F.3d 261, 265-67 (5th Cir. 2007) (holding that individual who had been released from prison on mandatory supervision and resided in a privately operated halfway house, apparently as a condition of his mandatory supervision, was a "prisoner" within meaning of the Prison Litigation Reform Act).

was administered in a malicious and sadistic manner to cause harm); *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993) (same). Likewise, verbal abuse or harassment does not give rise to constitutional violations. *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002) (mere verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("As a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'" ). Moreover overcrowded living conditions are not sufficient to allege a conditions of confinement claim. *See Gates v. Cook*, 376 F.3d 323, (5th Cir. 2004) (setting out a two-part test for conditions of confinement claims on the basis of *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), and *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994): (1) the conditions must be shown to be objectively "serious as to deprive prisoners of the minimal measure of life's necessities," and (2) responsible prison officials must be shown to have acted with deliberate indifference to the prisoner's conditions of confinement).

Liberally construed, Plaintiff's allegations raise at the most state law causes of action for civil assault and battery, verbal abuse, intentional infliction of emotional distress, and breach of contract. Accordingly, Plaintiff's § 1983 claims lack an arguable basis in law and should be dismissed with prejudice as frivolous.

Absent federal question jurisdiction (*see* 28 U.S.C. § 1331), complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction, 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and Defendants are all citizens of the State

Texas.

Since the complaint presents neither federal question nor diversity jurisdiction, the court lacks any basis for the exercise of supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS Plaintiff's claims under 42 U.S.C. § 1983 with prejudice as frivolous, s*ee* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and DECLINE to exercise supplemental jurisdiction over Plaintiff's state law claims, *see* 28 U.S.C. § 1367(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 5th day of December, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and

---

[3] Section 1367(a) provides in pertinent part:
[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.